Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| K-POWER GLOBAL LOGISTICS, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>POOF-ALEX HOLDINGS, LLC, *et al.*,<br><br>Defendants. | Civil No. 2:20-cv-3432 (ES) (MAH)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on the motion (D.E. No. 24) of plaintiffs K-Power Global Logistics, LLC ("K-Power") and Power Express, Inc. ("Power Express," and with K-Power, "Plaintiffs") for default judgment against defendants Poof-Alex Holdings, LLC ("Alex Brands"); Alex Toys, LLC; Poof-Slinky, LLC; Zoob Corporation; Poof-Slinky Fundex, LLC; Citiblocs Holdings, LLC; Poof Summit Holdings, LLC; Shrinky-Dinks Holdings, LLC; Alex Brands Rocket Holdings Limited; and Propel Management Holdings, LLC (collectively, the "Alex Brands Parties" or "Defendants"). As set forth below, the motion is **DENIED without prejudice**.

**I.     Background**

As alleged in the Complaint, K-Power and Power Express are affiliates in the business of providing logistical and warehousing services. (D.E. No. 1 ("Compl.") ¶ 19). An employee of Alex Brands retained K-Power to hold inventory of Alex Brands in a warehouse in Tarrant County, Texas, from around October 2018 to present. (*Id.* ¶¶ 19–20). Alex Brands was billed directly by K-Power and Power Express. (*Id.* ¶ 19). "At no time," the Complaint alleges, "did Plaintiffs ever believe that anyone other than Alex Brands was its customer." (*Id.* ¶ 21). And "[a]ll

1

communications regarding services rendered by Plaintiffs were directed specifically to Alex Brands." (*Id.*).

As of March 30, 2020, Alex Brands racked up an outstanding bill of $178,583.77. (*Id.* ¶ 22 & Ex. 1). K-Power then filed a "UCC Financing Statement with the Texas Secretary of State asserting a security interest in the specific inventory." (*Id.* ¶ 24 & Ex. 2). K-Power thereafter notified Alex Brands of the filing. (*Id.* ¶ 25 & Ex. 3).

On March 13, 2020, an authorized agent of Alex Brands informed Plaintiffs "(a) [Bank of America ("BOA")] maintained a security interest in all inventory of Alex Brands and . . . (b) Alex Brands was in fact not the owner of the inventory upon which K-Power asserted its security interest, but some other entity affiliated with Alex Brands." (*Id.* ¶ 26). Plaintiffs came to believe the Alex Brands Parties collectively owned the property when, on March 27, 2020, BOA served notice on K-Power that it intended to seize the inventory and sell it in an auction to cover loans BOA made out to several debtors, specifically, all of the Alex Brands Parties. (*Id.* ¶ 30 & Ex. 4).

On March 31, 2020, Plaintiffs filed suit against the Alex Brands Parties and BOA, invoking federal diversity jurisdiction. (*Id.* ¶ 15). The Complaint asserts five causes of action: (i) interpleader under Fed. R. Civ. P. 22, against the Alex Brands Parties and BOA, seeking the Court to decide the respective rights of the parties over the inventory and to enjoin the parties without an interest in the inventory from selling it; (ii) account stated, against Alex Brands, for its indebtedness to Plaintiffs in the amount of $178,583.77 for promising to pay for warehousing of the inventory; (iii) restitution, against the Alex Brands Parties, for failing to satisfy the invoices of Alex Brands to the extent they or some of them owned the inventory; (iv) money had and received, against Alex Brands, for holding onto $178,583.77 that rightfully belonged to Plaintiffs; and (v) declaratory judgment, against the Alex Brands Parties and BOA, seeking the Court to declare,

among other things, that Alex Brands, and no one else, is the beneficial owner of the inventory and owes Plaintiffs $178,583.77. (*Id.* ¶¶ 33–55). BOA has since been voluntarily dismissed from this case. (D.E. No. 19).

Not one of the Alex Brands Parties has filed a response to the Complaint or otherwise taken any action to defend this case. Default was entered against them on June 12, 2020. Plaintiffs subsequently filed their motion, which is unopposed, for default judgment against Defendants. (D.E. No. 24; *see also* D.E. No. 24-1 ("Mov. Br.")). In support of their motion, Plaintiffs submitted the certification of counsel, Nicholas R. Maxwell (D.E. No. 24-2 ("Maxwell Decl.")).

## II. <u>Legal Standard</u>

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535–36 (quoting *Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v.*

3

*N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendants were properly served. *See Super 8 Worldwide, Inc. v. Mahesh, Inc.*, No. 18-16336, 2019 WL 3244878, at *2–3 (D.N.J. July 19, 2019).

### III. Analysis

#### A. Service

Service was proper with respect to the Alex Brands Parties. On April 1, 2020, Alex Brands; Alex Toys, LLC; Zoob Corporation; Poof-Slinky Fundex, LLC; Citiblocs Holdings, LLC; Poof Summit Holdings, LLC; Shrinky-Dinks Holdings, LLC; and Propel Management Holdings, LLC, were served via their shared registered agent in Wilmington, Delaware pursuant to Fed. R. Civ. P. 4(h)(B). (*See* D.E. No. 5 (proof of service); Maxwell Decl. Exs. 1 & 2 (proof of registered agent)). On April 10, 2020, Poof-Slinky, LLC, was served via its registered agent by certified mail pursuant to Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1) and N.J. Ct. R. 4:4-3(a). (D.E. Nos. 6 & 23 (proof of service); Maxwell Decl. Ex. 1 (proof of registered agent)). Finally, Alex Brands Rocket Holdings Limited was served by mail pursuant to Fed. R. Civ. P. 4(h) and 4(f)(1), Section 10(a) of the Hague Convention, and N.J. Ct. R. 4:4-3(a). (D.E. No. 10 (proof of service); Maxwell Decl. Ex. 3 (proof of residency)). *See also Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) ("[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law.").

#### B. Subject Matter Jurisdiction

The Court has subject matter jurisdiction in view of the parties' complete diversity and the amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332. K-Power is organized under

the laws of Tennessee, three of its four members are citizens of Tennessee, and the fourth member is a citizen of Texas. (Maxwell Decl. ¶¶ 7–10). Power Express is incorporated in Tennessee, and its principal place of business is in Tennessee. (*Id.* ¶ 11). Meanwhile, Zoob Corporation is incorporated in Delaware, and its principal place of business is in Connecticut. (*Id.* ¶ 16, Ex. 2; Compl. ¶ 6). Alex Brands Rocket Holdings Limited is incorporated in the United Kingdom, and its principal place of business is in England. (Maxwell Decl. ¶ 16; Compl. ¶ 11). And while Plaintiffs cannot prove the precise citizenship of the other Alex Brands Parties—because the remainder of them are LLCs whose precise membership is unknown—Plaintiffs' counsel and his law firm have undergone reasonable efforts to determine their citizenship and could not determine that any of their members are citizens of Tennessee or Texas. (Maxwell Decl. ¶¶ 12–15, 17). *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107–08 (3d Cir. 2015) ("A State X plaintiff may . . . survive a facial challenge [to jurisdiction] by alleging that none of the defendant association's members are citizens of State X" so long as the "party . . . conduct[s] a reasonable inquiry into the facts alleged in its pleadings."). Notably, none of them are organized under the laws of Tennessee or Texas. (Maxwell Decl. ¶ 16 & Ex 1).

### C. Personal Jurisdiction

Personal jurisdiction is proper with respect to some, but not all, of the Alex Brands Parties. "[T]o exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258–59 (3d Cir. 1998). The court must, first, "apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction" and, second, "apply the precepts of the Due Process Clause of the Constitution." *Id.* at 259. "In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits

of due process." *Id.*; *see also* N.J. Ct. R. 4:4-4(b)(1) (providing personal jurisdiction over a non-resident defendant so long as such jurisdiction is "consistent with due process of law").

Due process requires that the defendant "have certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *accord Walden v. Fiore*, 571 U.S. 277, 283 (2014). "The primary focus of our personal jurisdiction inquiry is the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017).

There are two types of personal jurisdiction. One is general jurisdiction, "which permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (*e.g.*, domicile)." *Walden*, 571 U.S. at 284 n.6. The other is specific jurisdiction, which "depends on an affiliation between the forum and the underlying controversy (*i.e.*, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *Id.* (cleaned up).

The Court here may exercise general jurisdiction over five of the Alex Brands Parties—Alex Brands; Alex Toys, LLC; Poof-Slinky, LLC; Poof Summit Holdings; Shrinky-Dinks Holdings, LLC—because their personal place of business is in the State of New Jersey. (Compl. ¶¶ 3–5, 9–10). *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." (cleaned up)); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."); *Hannah v. Johnson & Johnson Inc.*, No. 18-10319, 2020 WL

6

3497010, at *17 (D.N.J. June 29, 2020) ("As PTI Royston is a LLC, the Court looks to both its place of incorporation and its principal place of business for the purpose of determining if general jurisdiction exists."). However, the same is not true of the other five Alex Brands Parties—Zoob Corporation; Poof-Slinky Fundex, LLC; Citiblocs Holdings, LLC; Alex Brands Rocket Holdings Limited; and Propel Management Holdings, LLC—because they are neither incorporated nor have their principal place of business in New Jersey. (Compl. ¶¶ 6–8, 11–12). Moreover, the Complaint does not suggest that "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919.

Plaintiffs seek to justify specific jurisdiction over those five Alex Brands Parties because "the lawsuit arises out of the transaction of business in New Jersey." (Mov. Br. at 9). The Complaint repeats this allegation as a basis for personal jurisdiction. (Compl. ¶ 16). However, nothing in the record indicates what precisely occurred in the State of New Jersey. Moreover, even if *a* transaction occurred in New Jersey, that is not enough, on its own, for specific jurisdiction over those five Alex Brands Parties because the Complaint does not allege that they had anything to do with the underlying transaction. Rather, it says an authorized agent of Alex Brands—a different, though affiliated entity—initiated the transaction. (Compl. ¶ 19). The Complaint alleges no conduct of those five Alex Brands Parties in the State of New Jersey. Nor does it allege any contacts they personally made in or with the State of New Jersey.

In order "for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb*, 137 S. Ct. at 1781 (cleaned up). Importantly, "the *suit* must arise out of or relate to the defendant's contacts with the *forum*." *Id.* at 1780 (cleaned up; emphasis in original). "[The] unilateral activity of another party or a third

person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Walden*, 571 U.S. at 284 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)). The requirement of specific jurisdiction "must be met as to each defendant over whom a state court exercises jurisdiction." *Rush v. Savchuk*, 444 U.S. 320, 332 (1980). Moreover, it is not dispositive that these five Defendants are related to the other five Defendants over whom the Court has jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) ("Agency relationships, we have recognized, may be relevant to the existence of *specific* jurisdiction. . . . It does not inevitably follow, however, that similar reasoning applies to *general* jurisdiction." (internal citations omitted; emphasis in original)); *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 156 (3d Cir. 2010) ("[B]eing the foreign parent of a Delaware subsidiary, without more, is insufficient to confer personal jurisdiction over a nonresident defendant under the Delaware long-arm statute."); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1069.4 (4th ed. Dec. 9, 2020 Update) ("In the context of personal jurisdiction, special problems are presented when jurisdiction over a defendant is justified by a related entity's contacts with the forum—such as when personal jurisdiction over an out-of-state parent company is sought based on its subsidiary's presence or activities in the forum state.").

The Court thus cannot enter default judgment against Zoob Corporation; Poof-Slinky Fundex, LLC; Citiblocs Holdings, LLC; Alex Brands Rocket Holdings Limited; and Propel Management Holdings, LLC. Moreover, as the Court will explain below, default judgment is only proper against Alex Brands because Plaintiffs failed to state a claim against the remainder of the Alex Brands Parties. Because default judgment against less than all defendants is disfavored and indeed improper where there is a risk of inconsistent rulings, the Court will not—at this time—

8

enter default judgment against even Alex Brands. *See Drayage Express, LLC v. Int'l First Serv. USA*, No. 15-3597, 2016 WL 6828572, at *3 (D.N.J. Nov. 18, 2016); *Colony Nat'l Ins. Co. v. Control Bldg. Servs., Inc.*, No. 14-5651, 2015 WL 7296034, at *4 (D.N.J. Nov. 18, 2015). However, for the sake of efficiency, the Court will assess the remainder of the motion for default judgment so that, if Plaintiffs decide to forgo claims against the remainder of the Alex Brands Parties, then the Court will dismiss those parties and enter default judgment against Alex Brands pursuant to Fed. R. Civ. P. 54(b). *See Tiaa Com. Fin., Inc. v. Galusha*, No. 19-14809, 2020 WL 7022636, at *8 (D.N.J. Nov. 30, 2020) ("There is the option of a partial judgment under Federal Rule of Civil Procedure 54. 'A default judgment that does not dispose of all of the claims among all parties is not a final judgment unless the court directs entry of final judgment under Rule 54(b).'" (quoting Fed. R. Civ. P. 55(c) advisory committee's note to 2015 amendment)). If Plaintiffs do not forgo their claims against the remainder of the Alex Brands Parties, then they may, if they wish, amend their Complaint to assert different claims against them. *See id.* If Plaintiffs decide to amend their Complaint, they must clarify the Court's personal jurisdiction over Zoob Corporation; Poof-Slinky Fundex, LLC; Citiblocs Holdings, LLC; Alex Brands Rocket Holdings Limited; and Propel Management Holdings, LLC. Plaintiffs may also, of course, drop those Defendants altogether and amend their Complaint only against the other Defendants.

### D. **Sufficiency of the Claims**

As noted, Plaintiffs assert five claims: (i) interpleader under Fed. R. Civ. P. 22, against the Alex Brands Parties, seeking the Court to decide the respective rights of the parties over the investors and to enjoin the parties without an interest in the inventory from selling it; (ii) account stated, against Alex Brands, for its indebtedness to Plaintiffs in the amount of $178,583.77 for promising to pay for warehousing of the inventory; (iii) restitution, against the Alex Brands Parties,

9

for failing to satisfy the invoices of Alex Brands to the extent they or some of them own the goods; (iv) money had and received, against Alex Brands, for holding onto $178,583.77 that should rightfully be in Plaintiffs' possession; and (v) declaratory judgment, against the Alex Brands Parties, seeking the Court to declare, among other things, that Alex Brands, and no one else, is the beneficial owner of the inventory and owes Plaintiffs $178,583.77. (Compl. ¶¶ 33–55).

### i. Interpleader, Declaratory Judgment, and Restitution

Plaintiffs did not sufficiently plead claims for interpleader, declaratory judgment, or restitution.

An interpleader claim is one in which the plaintiff seeks a court to summon two or more parties to litigate their ownership or rights to some common fund or property. "The purpose of the interpleader device is to allow 'a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009) (quoting 7 Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1704 (3d ed. 2001)). "Accordingly, interpleader allows a stakeholder who 'admits it is liable to one of the claimants, but fears the prospect of multiple liability[,] . . . to file suit, deposit the property with the court, and withdraw from the proceedings.'" *Id.* (quoting *Metro Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007)). Moreover, an interpleader action "is normally circumscribed by the confines of the fund." *Hartford Cas. Ins. Co. v. Lexington Ins. Co.*, No. 14-8060, 2016 WL 1267801, at *3 (S.D.N.Y. Mar. 30, 2016) (quoting *Bache & Co., Inc. v. Roland*, 375 F. Supp. 989, 990–91 (S.D.N.Y. 1974)); *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 535 (1967) ("But interpleader was never intended to perform such a function, to be an all-purpose 'bill of peace.'"). Here, interpleader is improper because Plaintiffs

10

seek not for the Court to determine the respective rights of the parties, but to declare that Plaintiffs have a superior interest over the inventory as against all of the Alex Brands Parties. Plaintiffs do not admit liability to anyone; they claim the Alex Brands Parties are liable to them. Nor have Plaintiffs sought to deposit any of the inventory with the Court. Moreover, Plaintiffs' Complaint ventures beyond the traditional bounds of an interpleader action by seeking a determination that the Alex Brands Parties are independently liable to Plaintiffs regardless of Plaintiffs' control over the inventory. Consequently, interpleader is inappropriate.

A declaratory judgment is not a cause of action but rather a remedy. "[W]hen a declaratory judgment action has been removed to federal court, it is treated as though it had been filed under the federal declaratory judgment act." *Muhlbaier v. Specialized Loan Servicing LLC*, No. 18-0125, 2018 WL 3238832, at *2 (D.N.J. July 3, 2018) (quoting *BCB Bancorp, Inc. v. Progressive Cas. Ins. Co.*, No. 13-1261, 2013 WL 8559731, at *3 (D.N.J. Oct. 8, 2013)); *see also Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 352 (3d Cir. 1986) ("It is settled law that, as a procedural remedy, the federal rules respecting declaratory judgment actions, apply in diversity cases."). A different conclusion does not attach simply because the case was originally brought in federal court. Moreover, the Declaratory Judgment Act does not provide a litigant a private right of action; it only provides an additional form of relief. *See Michels Corp. v. Trucking Employees of N. Jersey Welfare Fund, Inc.*, No. 16-0073, 2016 WL 7319675, at *4 (D.N.J. Dec. 15, 2016); *Petmas Inv'rs Ltd. v. Sameiet Holbergs Gate 19*, No. 13-6807, 2014 WL 6886028, at *7 (D.N.J. Dec. 4, 2014) (collecting cases). "Plaintiffs' declaratory judgment 'cause of action' is simply not a claim." *Muhlbaier*, 2018 WL 3238832, at *3. As a result, Plaintiffs have not stated a claim for declaratory judgment.

Similarly, Plaintiffs have cited no authority for the proposition, and the Court could not find any, that New Jersey Law recognizes an independent cause of action called restitution. Instead, they cite *Pell v. E.I. DuPont de Nemours & Co. Inc.*, 539 F.3d 292 (3d Cir. 2008), and *Atlantic Coast Line R. Co. v. State of Florida*, 295 U.S. 301 (1935). (Mov. Br. at 14). But neither case arose under New Jersey law, nor did they discuss restitution in the context of an independent cause of action. *See Atlantic Coast Line R. Co.*, 295 U.S. at 305, 309; *Pell*, 539 F.3d at 308–09. Therefore, Plaintiffs failed to plead a plausible claim for restitution.

### ii. Account Stated and Money Had and Received

Meanwhile, Plaintiffs sufficiently pleaded claims for account stated and money had and received. Importantly, however, they pleaded both claims *only* against Alex Brands, not against all of the Alex Brands Parties. Indeed, here is the claim for account stated:

> 38. The transactions between Plaintiffs and *Alex Brands*, either as the actual or beneficial owner of the inventory, gives rise to the indebtedness of *Alex Brands* to Plaintiffs for services rendered and billed in the normal course of business.
>
> 39. Plaintiffs and *Alex Brands* agreed on the rates of such services to be rendered, and *Alex Brands* was charged accordingly.
>
> 40. *Alex Brands*, either through an express or implied promise, has promised to pay Plaintiffs for services rendered.
>
> 41. The entire outstanding amount due to Plaintiffs by *Alex Brands* for services rendered is $178,583.77.
>
> 42. Accordingly, Plaintiffs are entitled under a cause of action for account stated to recover from *Alex Brands* $178,583.77, including interest and other costs at the discretion of this Court.

(Compl. ¶¶ 38–42 (emphasis added)). And here is the claim for money had and received:

> 51. *Alex Brands* is in possession of $178,583.77 that rightfully belongs to Plaintiffs, insofar as *Alex Brands* bargained with Plaintiffs to provide warehousing and logistics services.

> 52. In good conscience and under principles of equity, $178,583.77 currently in the possession of *Alex Brands* belongs to Plaintiffs. *Alex Brands* is as a matter of equity estopped from asserting otherwise.

(*Id.* ¶¶ 51–52 (emphasis added)). Neither claim mentions the other Alex Brands Parties; it only mentions Alex Brands; and the Complaint's defines "Poof-Alex Holdings, LLC" as, specifically, "Alex Brands." (*Id.* at p.1). The Complaint thus cannot fairly be read to assert claims for account stated and money had and received against any party other than Alex Brands.

"To prevail on an account stated action in the District of New Jersey, where diversity jurisdiction exists, the plaintiff must prove that: (1) there was either an express or an implied agreement as to the amount due; and (2) the account was in fact stated or agreed to." *Razor Enter. Inc. v. Aexim USA Inc.*, No. 11-6788 ES, 2015 WL 790558, at *3 (D.N.J. Feb. 24, 2015). And "[s]ilence on behalf of the debtor can result in acquiescence to the sum due if the debtor does not respond for a reasonably long period of time." *Id.* (quoting *Asco Power Techs., L.P. v. Pepco Techs., L.L.C.*, No. 03-1942, 2006 WL 3000334, at *7 (D.N.J. Oct. 20, 2006)). Accepting Plaintiffs' allegations as true, Alex Brands agreed to pay Plaintiffs for warehousing services and the amount to be paid but ultimately failed to satisfy its obligations to pay. (Compl. ¶¶ 19, 22 & Ex. 1). The invoices were billed to Alex Brands, and there is no indication that Alex Brands ever disputed the amount it owed. (*Id.* ¶¶ 19, 21, 26 & Ex. 1).

The Court will construe Plaintiffs' claim for "money had and received" as a claim for unjust enrichment. *See New York Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co.*, No. 10-0148, 2012 WL 209349, at *2 (D.N.J. Jan. 24, 2012) ("One cause of action for unjust enrichment at common law was the action in assumpsit for 'money had and received,' which is 'equitable in spirit, although legal in form, and is maintainable when the defendant has received money which in equity and good conscience belongs to the plaintiff.'" (quoting *Hartford Accident*

*& Indemnity Co. v. Benevento*, 44 A.2d 97, 99–100 (N.J.L. 1945))); *see also In re Riddell Concussion Reduction Litig.*, 121 F. Supp. 3d 402, 423 n.22 (D.N.J. 2015) (declining to distinguish between claims for unjust enrichment and money had and received); *Chen v. Cline*, No. 12-3051, 2013 WL 776238, at *6 n.6 (D.N.J. Feb. 27, 2013) ("Courts have treated claims for 'unjust enrichment' and 'money had and received' as essentially the same claim."); *Ramon v. Budget Rent-A-Car Sys., Inc.*, No. 06-1905, 2007 WL 604795, at *5 (D.N.J. Feb. 20, 2007) ("Count III alleges unjust enrichment, also known as 'money had and received.'"). "To demonstrate unjust enrichment, 'a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust' and that the plaintiff 'expected remuneration' and the failure to give remuneration unjustly enriched the defendant." *EnviroFinance Grp., LLC v. Env't Barrier Co., LLC*, 113 A.3d 775, 790 (N.J. Super. App. Div. 2015) (quoting *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994)). Accepting Plaintiffs' allegations as true, Alex Brands had an ownership interest in the inventory, retained a benefit through Plaintiffs' warehousing services, and were unjustly enriched by failing remunerate Plaintiffs for such services.

For both sufficiently pleaded claims, the Court perceives no meritorious defense in the record. Indeed, because Alex Brands did not respond to Plaintiffs' complaint, the Court "assumes that [it has] no litigable defenses available." *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-0896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012).

### E. **Propriety of Default**

The remaining factors weigh in favor of granting default. Plaintiffs have been prejudiced by the failure of Alex Brands to appear because they have been prevented from seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012)

14

(finding prejudice because the plaintiff "has no other means of seeking damages for the harm allegedly caused by Defendant"). And "[a]bsent any evidence to the contrary, 'the Defendant's failure to answer evinces the Defendant's culpability in [the] default.'" *Travelodge Hotels, Inc. v. Seaside Hosp., LLC*, No. 15-5595, 2016 WL 5899281, at *4 (D.N.J. Oct. 6, 2016) (quoting *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, No. 11-0624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011)). On this record, "[t]here is no evidence . . . that defendant['s] failure to respond to plaintiff's complaint was caused by anything other than defendant['s] own culpability and willful negligence." *Ramada Worldwide*, 2012 WL 924385, at *5. Accordingly, this Court finds that default judgment is proper against Alex Brands.

### F. Damages

With respect to damages, Plaintiffs seek $178,583.77, the amount Alex Brands owed in warehousing services fees to Plaintiffs as of March 30, 2020, the day before they filed their Complaint. (Mov. Br. at 17 (citing Compl. ¶ 41); Compl. ¶ 22). Plaintiffs' proved this amount owed through a sworn declaration (Maxwell Decl. ¶ 18) and the individual invoices they attached to their Complaint (Compl. ¶ 22 & Ex. 1). The Court is satisfied Plaintiffs are entitled to that amount.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for default judgment (D.E. No. 24) is **DENIED without prejudice**. As stated above, if Plaintiffs decide to forgo claims against the remainder of the Alex Brands Parties, then the Court will dismiss those parties and enter default judgment against Alex Brands pursuant to Fed. R. Civ. P. 54(b). And if Plaintiffs do not forgo their claims against the remainder of the Alex Brands Parties, then they may, if they wish, amend their Complaint to assert different claims against them. If Plaintiffs decide to amend their

Complaint, they must clarify the Court's personal jurisdiction over Zoob Corporation; Poof-Slinky Fundex, LLC; Citiblocs Holdings, LLC; Alex Brands Rocket Holdings Limited; and Propel Management Holdings, LLC.  Plaintiffs may also, of course, drop those Defendants altogether and amend their Complaint only against the other Defendants.  An appropriate Order will follow.

Date: April 30, 2021

*/s/Esther Salas*
Esther Salas, U.S.D.J.